ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ADAM BARKL  (CABN 349601)
Special Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3927
FAX: (510) 637-3724
adam.barkl@usdoj.gov

Attorneys for United States of America

**FILED**

Dec 12 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>RUBEN JOSE SANCHEZ,<br><br>　　　Defendant. | CASE NO.　4:23-cv-71869 MAG<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure

that on December 12, 2023, the above-named defendant was arrested pursuant to an arrest warrant (copy

attached) issued upon an

☐　　　Indictment

☐　　　Information

☐　　　Criminal Complaint

■　　　Other (describe):  Supervised Release Violation Petition

pending in the Southern District of California, Case Number 18-cr-02561-MMA-1.

In that case, the defendant is charged with violating the terms of his Supervised Release.

v. 7/10/2018

1  DESCRIPTION OF CHARGES:  Supervised Release Violation.

2  PENALTY:

3      Maximum imprisonment is five years. Maximum supervised release is five years, less any

4  custody time imposed.

5  Date: December 12, 2023.                    Respectfully Submitted,

6                                              ISMAIL J. RAMSEY
                                               United States Attorney
7

8                                              /s/ Adam Barkl
                                               ADAM BARKL
9                                              Special Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 442    MDF 2313096                                    F-O: 1056/987

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

Ruben Jose Sanchez

**WARRANT FOR ARREST**

68748·298

Case Number:    18cr02561-MMA-1

## NOT FOR PUBLIC VIEW

To:    The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ Ruben Jose Sanchez _____
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☐ Order of Court   ☐ Violation Notice   ☒ Probation Violation Petition

☐ Pretrial Violation

charging him or her with (brief description of offense):

In violation of Title ___ See Above ___    United States Code, Section(s) _____

John Morrill                              Clerk of the Court
Name of Issuing Officer                   Title of Issuing Officer

s/ G. Vocal                               11/27/2023, San Diego, CA
Signature of Deputy                       Date and Location

Bail fixed at $ _____ No Bail _____    by    The Honorable Michael M. Anello
                                              Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

PROB 12C
(06/17)

November 24, 2023
pacts id: 4819623

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ruben Jose Sanchez (English)                    **Dkt. No.:** 18CR02561-001-MMA

**Reg. No.:** 68748-298

**Name of Sentencing Judicial Officer:** The Honorable Michael M. Anello, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony

**Date of Revocation Sentence:** August 16, 2023

**Sentence:** Time served as of August 18, 2023; 24 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** August 18, 2023

**Asst. U.S. Atty.:** Daniel C. Silva          **Defense Counsel:**    Antonio F. Yoon
                                                                       (Appointed)
                                                                       619-544-0021

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Ruben Jose Sanchez                                   November 24, 2023
Docket No.: 18CR02561-001-MMA                                                    Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

### CONDITION(S)

**(Special Condition)**
Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

**(Standard Condition)**
After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

### ALLEGATION(S) OF NONCOMPLIANCE

1. On August 25, 2023, Mr. Sanchez failed to schedule and complete a mental health assessment by August 25, 2023, as instructed.

2. On October 4, 2023, failed to report to the U.S. Probation Office, as instructed.

**_Grounds for Revocation:_** As to Allegation 1, on August 18, 2023, during his initial intake, Mr. Sanchez was instructed to have a mental health assessment scheduled and/or completed by August 25, 2023. On October 3, 2023, during a telephonic call, Mr. Sanchez was asked if he had completed a mental health assessment, to which he stated he had not as he was not aware he needed too. At the time of this writing, Mr. Sanchez has not scheduled or completed a mental health assessment.

As to Allegation 2, on October 3, 2023, during a telephonic call, Mr. Sanchez was instructed to report to the U.S. Probation Office on October 4, 2023, at 10:00AM. Mr. Sanchez failed to report as instructed. Furthermore, Mr. Sanchez did not make any effort to notify Probation that he would be late or unable to make his appointment.

PROB12(C)'
Name of Offender: Ruben Jose Sanchez                                   November 24, 2023
Docket No.: 18CR02561-001-MMA                                                    Page 3

**(Standard Condition)**
The defendant must live at a place
approved by the probation officer. If the
defendant plans to change where they live
or anything about their living
arrangements (such as the people living
with the defendant), the defendant must
notify the probation officer at least 10
days before the change. If notifying the
probation officer in advance is not possible
due to unanticipated circumstances, the
defendant must notify the probation officer
within 72 hours of becoming aware of a
change or expected change.

**(Standard Condition)**
After initially reporting to the probation
office, the defendant will receive
instructions from the court or the probation
officer about how and when the defendant
must report to the probation officer, and
the defendant must report to the probation
officer as instructed.

**(Standard Condition)**
The defendant must not knowingly leave
the federal judicial district where the
defendant is authorized to reside without
first getting permission from the court or
the probation officer.

3. On or about October 12, 2023, Mr. Sanchez failed to
notify Probation of his change of residence, as
required.

4. On or about October 12, 2023, Mr. Sanchez traveled
outside of the federal judicial district, in that he
traveled to Los Angeles, California, without
permission.

5. On November 8, 2023, Mr. Sanchez failed to report
to the U.S. Probation Office, as instructed.

**Grounds for Revocation:** As to Allegation 3, 4, and 5 on November 2, 2023, the undersigned spoke with Mr. Sanchez' aunt, who reported Mr. Sanchez had left the residence on October 12, 2023, and had not returned. On November 7, 2023, the undersigned received a call from a Police Officer at the Los Angeles Police Department, who stated Mr. Sanchez was in their lobby. The undersigned spoke with Mr. Sanchez, who reported he had left his aunt's house approximately a month ago and had been residing in the Central District of California; however, was not able to provide an address or location where he was staying. Mr. Sanchez was instructed to return to the Southern District of California and report to the U.S. Probation Office on November 8, 2023, at 10:00AM. Mr. Sanchez failed to report as instructed. Mr. Sanchez did not make any effort to contact Probation to notify that he would be late or unable to make his appointment.

At the time of this writing, Mr. Sanchez has not made any effort to contact Probation. His whereabouts is unknown.

PROB12(C)*

Name of Offender: Ruben Jose Sanchez                     November 24, 2023

Docket No.: 18CR02561-001-MMA                               Page 4

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Sanchez commenced his second term of supervision on August 18, 2023. Mr. Sanchez's first term of supervision was revoked due to failing to report a change in his residence. On August 18, 2023, Mr. Sanchez reported for an initial intake and at that time, was instructed to complete a mental health assessment. Mr. Sanchez was provided resources and instructed to have a mental health assessment scheduled and/or completed by August 25, 2023.

On October 3, 2023, during a telephonic conversation, the undersigned asked Mr. Sanchez if he had completed a mental health assessment. Mr. Sanchez stated he had not and did not know he needed to do one. The undersigned subsequently instructed Mr. Sanchez to report the following date at 10:00AM. Mr. Sanchez agreed to do so. Mr. Sanchez failed report as instructed and did not contact this officer. A voicemail was left for Mr. Sanchez the following day instructing him to call this officer. No return call was received.

On October 11, 2023, this officer attempted to contact Mr. Sanchez via a home visit, however there was no answer. This officer left a business card on the door with instructions to call. A voicemail was also left for Mr. Sanchez, instructing him to contact this officer.

On November 2, 2023, the undersigned contacted Mr. Sanchez's aunt, who he resided with. The aunt reported on October 12, 2023, Mr. Sanchez stated he was going to go look for a job, left the residence, and did not return. Furthermore, he left his phone, keys, and wallet. The aunt stated Mr. Sanchez had been very forgetful and she was concerned about his mental health, believing he was suffering from mental health symptoms. His aunt further stated she had filed a missing persons report, and they had been searching for Mr. Sanchez is San Diego and Tijuana, B.C., Mexico.

On November 7, 2023, this officer was contacted by a Police Officer from Los Angeles Police Department. The officer stated he was in the lobby with Mr. Sanchez, who had come in and was asking for paperwork for a vehicle and subsequently provided Mr. Sanchez the phone. This officer asked Mr. Sanchez why he did not report as previously instructed, to which Mr. Sanchez responded he was scared he had a warrant, so he did not want to report. This officer stated at that moment, he did not have a warrant and the appointment was so that this officer could help Mr. Sanchez schedule a mental health assessment. Mr. Sanchez stated he had left his aunt's house as he did not want to live with his aunt and did not know why he had given officer's that address. Mr. Sanchez stated he had left about a month prior and had gone to Los Angeles, California. Mr. Sanchez stated he did not have a cellphone or identification. Mr. Sanchez stated he had been living in a townhome with friends for a few days, a motel, and on the streets, however he was trying to find an apartment to rent. Further, Mr. Sanchez stated he was not working, but had saved money and was recycling to help afford a motel. Mr. Sanchez was unable to recall the name of the friends or the address of the townhouse or motel. The undersigned advised Mr. Sanchez he did not have permission to reside in the Los Angeles and he needed to return to San Diego. Mr. Sanchez was instructed to return to the Southern District of California and report to this officer on November 8, 2023, at 10:00AM, to which Mr. Sanchez agreed to do so. This officer asked Mr. Sanchez how he would return, and Mr. Sanchez stated by bus. This officer asked Mr. Sanchez if he had money for a bus pass, knew where the bus station was, and which bus to take, to which Mr. Sanchez stated he had money and knew where to go. This officer asked Mr. Sanchez where he would go upon returning to San Diego and before the appointment, to which Mr. Sanchez stated he would probably "sleep in a park by the office". This officer asked Mr. Sanchez if he knew how to get from the bus station to this officer's office, to which Mr. Sanchez stated he did. Due to Mr. Sanchez's aunt's concerns about Mr. Sanchez being forgetful, this officer then had Mr. Sanchez repeat the reporting instructions.

PROB12(C)'

**Name of Offender: Ruben Jose Sanchez**
**Docket No.: 18CR02561-001-MMA**

November 24, 2023
Page 5

On November 8, 2023, Mr. Sanchez failed to report as instructed. Furthermore, he has made no effort to contact Probation, and probation's attempts to contact him have been unsuccessful.

On November 16, 2023, this officer spoke with Mr. Sanchez's aunt, who reported they have not had contact with Mr. Sanchez since he left the residence. They are concerned about his mental health and continue to look for him in San Diego and Los Angeles. The aunt stated Mr. Sanchez can return to her residence.

On November 22, 2023, this officer spoke with Mr. Sanchez's defense counsel to notify them of this officer's concerns regarding Mr. Sanchez and his mental health. Defense counsel also expressed concerns for Mr. Sanchez's mental health and is in support of working with probation to ensure he receives a mental health assessment and treatment.

At the time of this writing, Mr. Sanchez failed to make himself available for supervision and appears to have absconded from supervision, therefore his adjustment to supervision has been deemed poor.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

By way of background, Mr. Sanchez is a 25-year-old male. He has never been married and has no children. In relation to criminal history, Mr. Sanchez has no conviction beyond the underlying offense. However, Mr. Sanchez has been arrested for trespassing and refusing to leave, but the charge was dismissed. In relation to substance abuse, Mr. Sanchez began drinking and smoking marijuana at age 18. Mr. Sanchez consumed alcohol several times a week and smoked marijuana daily until his arrest in the underlying offense. Based on the file, it appears Mr. Sanchez suffers from mental health symptoms; however, he is not currently receiving treatment for his mental health and has not been diagnosed. This has been an ongoing effort to get an assessment completed since his placement on supervised release.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to participate in mental health treatment, failure to follow instructions of the probation officer, failure to notify the probation officer of change in residence, failure to report to probation as instructed, and leave the judicial district without permission) constitute a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

PROB12(C)
Name of Offender: Ruben Jose Sanchez
Docket No.: 18CR02561-001-MMA

November 24, 2023
Page 6

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Sanchez has absconded from supervised release. All attempts to contact and locate Mr. Sanchez have been unsuccessful. Furthermore, Probation is concerned about Mr. Sanchez's mental health, therefore, the issuance of a bench warrant is recommended to locate Mr. Sanchez and gain his appearance before the Court.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Sanchez's second time before Your Honor for noncompliance. Mr. Sanchez's conduct mirrors his previously violation conduct. Mr. Sanchez left his residence abruptly, leaving his cellphone, identification, and wallet behind. According to collateral contacts, in the days leading up to his departure, Mr. Sanchez appeared forgetful, and his family believes he was suffering from a mental health episode. Although Mr. Sanchez was coherent and able to repeat instructions to this officer during a phone call, Mr. Sanchez could not recall the addresses or names of the friends he was staying with. Additionally, based on this officer's call with Mr. Sanchez while at the Los Angeles Police Department and conversations with collateral contacts, it is believed he is suffering from a mental health episode.

At this time, Probation is extremely concerned about Mr. Sanchez's mental health and wellbeing. However, the lack of Mr. Sanchez's cooperation in obtaining a mental health assessment once released into the community has made developing a probation supervision plan difficult. As such, it is probation's recommendation that Mr. Sanchez receive a mental health assessment so that his needs can be appropriately determined, and a recommendation in relation to this violation be deferred until Mr. Sanchez's mental health has been evaluated.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: **November 24, 2023**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by

Lisa Cabe
U.S. Probation Officer
(619) 557-6530

Reviewed and approved:

Paula D. Burke
Supervisory U.S. Probation Officer

PROB12CW

November 24, 2023

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Sanchez, Ruben Jose

2. **Docket No.** (Year-Sequence-Defendant No.): 18CR02561-001-MMA

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Participate in Mental Health Treatment | C |
| Failure to Follow the Instructions of the Probation Officer | C |
| Failure to Notify the Probation Officer of Change in Residence | C |
| Leave the Judicial District Without Permission | C |
| Failure to report to probation as instructed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [   C   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))          [   I   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [   3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|   |   |   |   |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

Case 3:18-cr-02561-MMA   Document 63 (Court only)   Filed 11/27/23   PageID.152   Page 8
of 8

PROB12(C)°
Name of Offender: Ruben Jose Sanchez
Docket No.: 18CR02561-001-MMA

November 24, 2023
Page 8

## THE COURT ORDERS:

X AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____


The Honorable Michael M. Anello
Senior U.S. District Judge

11/27/2023
Date

lb for mcs/ao